IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ZEHAO YU,

          Plaintiff,

v.

GREG WEINMAN
and MICHAEL HOLM,

          Defendants.

Case No. 8:25-cv-426

**DEFENDANT MICHAEL HOLM'S
ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT**

Defendant Michael Holm ("Holm"), for his Answer to Plaintiff Zehao Yu's ("Plaintiff") Amended Complaint ("Complaint"), states and alleges as follows:

## I.    NATURE OF THE ACTION

1.    Paragraph 1 of Plaintiff's Complaint states legal conclusions and argumentative characterizations to which no response is required.  To the extent a response is required, Holm denies the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.    Paragraph 2 of Plaintiff's Complaint states legal conclusions and argumentative characterizations to which no response is required.  To the extent a response is required, Holm denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.    Paragraph 3 of Plaintiff's Complaint states legal conclusions and argumentative characterizations to which no response is required.  To the extent a response is required, Holm denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

## II.    JURISDICTION AND VENUE

Holm incorporates paragraphs 1 through 3 of his Answer to Plaintiff's Complaint as if fully set forth herein.

4.     Holm admits that jurisdiction is proper in this Court, but denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.  Holm denies this Court has jurisdiction over Plaintiff's alleged state law claims as those claims were dismissed by the Court's Memorandum and Order filed on March 31, 2026.

5.     Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.     Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.     Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8.     Holm admits that venue is proper in this Court, but denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

### III.    PARTIES

Holm incorporates paragraphs 1 through 8 of his Answer to Plaintiff's Complaint as if fully set forth herein.

9.     Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10.     Holm affirmatively states that the Bellevue Police Department is located at 1510 Wall Street, Bellevue, Nebraska 68005.  Holm denies the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Holm affirmatively states that he is a detective with the Bellevue Police Department.  Holm denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13.     Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14.     Holm is without sufficient information to truthfully admit or deny the allegations pertaining to the United States Mint in paragraph 14 of Plaintiff's Complaint and therefore denies the same.  Holm denies the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16.     Holm is without sufficient information to truthfully admit or deny the allegations pertaining to the United States Mint in paragraph 16 of Plaintiff's Complaint and therefore denies the same.  Holm denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

## IV.    FACTS

Holm incorporates paragraphs 1 through 16 of his Answer to Plaintiff's Complaint as if fully set forth herein.

17.     Holm admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     Holm affirmatively states on October 11, 2024, he filed an Affidavit and Application for Issuance of a Search Warrant for 1811 Lloyd Street, Apt. 2B, Bellevue, Sarpy County, Nebraska.  Holm denies the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19.      Holm denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21. Holm is without sufficient information to truthfully admit or deny the contents of Plaintiff's affidavit alleged in paragraph 21 of Plaintiff's Complaint and therefore denies the same. Holm denies the allegations allegedly contained in Plaintiff's affidavit as stated in paragraph 21 of Plaintiff's Complaint.

22. Holm is without sufficient information to truthfully admit or deny the contents of Plaintiff's affidavit alleged in paragraph 22 of Plaintiff's Complaint and therefore denies the same. Holm denies the allegations allegedly contained in Plaintiff's affidavit as stated in paragraph 22 of Plaintiff's Complaint.

23. Holm is without sufficient information to truthfully admit or deny the contents of Plaintiff's affidavit alleged in paragraph 23 of Plaintiff's Complaint and therefore denies the same. Holm denies the allegations allegedly contained in Plaintiff's affidavit as stated in paragraph 23 of Plaintiff's Complaint.

24. Holm is without sufficient information to truthfully admit or deny the contents of Plaintiff's affidavit alleged in paragraph 24 of Plaintiff's Complaint and therefore denies the same. Holm denies the allegations allegedly contained in Plaintiff's affidavit as stated in paragraph 24 of Plaintiff's Complaint.

25. Holm is without sufficient information to truthfully admit or deny the contents of Plaintiff's affidavit alleged in paragraph 25 of Plaintiff's Complaint and therefore denies the same. Holm denies the allegations allegedly contained in Plaintiff's affidavit as stated in paragraph 25 of Plaintiff's Complaint.

26.    Holm is without sufficient information to truthfully admit or deny the contents of Plaintiff's affidavit alleged in paragraph 26 of Plaintiff's Complaint and therefore denies the same. Holm denies the allegations allegedly contained in Plaintiff's affidavit as stated in paragraph 26 of Plaintiff's Complaint.

27.    Holm is without sufficient information to truthfully admit or deny the contents of Plaintiff's affidavit alleged in paragraph 27 of Plaintiff's Complaint and therefore denies the same. Holm denies the allegations allegedly contained in Plaintiff's affidavit as stated in paragraph 27 of Plaintiff's Complaint.

28.    Holm is without sufficient information to truthfully admit or deny the contents of Plaintiff's affidavit alleged in paragraph 28 of Plaintiff's Complaint and therefore denies the same. Holm denies the allegations allegedly contained in Plaintiff's affidavit as stated in paragraph 28 of Plaintiff's Complaint.

29.    Holm is without sufficient information to truthfully admit or deny the contents of Plaintiff's affidavit alleged in paragraph 29 of Plaintiff's Complaint and therefore denies the same. Holm denies the allegations allegedly contained in Plaintiff's affidavit as stated in paragraph 29 of Plaintiff's Complaint.

30.    Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.    Paragraph 31 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Holm denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

## V.    FIRST CAUSE OF ACTION – COLOR OF LAW 42 U.S.C. § 1983

32.    Holm incorporates paragraphs 1 through 31 of his Answer to Plaintiff's Complaint as if fully set forth herein.

33.    Holm affirmatively states that he is a sworn law enforcement investigator with the Bellevue Police Department, Sarpy County, Nebraska, as all times relevant to Plaintiff's Complaint.  Holm denies the remaining allegations contained in paragraph 33 of Plaintiff's Complaint

34.    Holm denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.    Holm denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.    Holm denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.    Holm denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.    Holm denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.    Holm denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.    Holm denies the allegations contained in paragraph 40 of Plaintiffs Complaint, including subparagraphs (a)-(e).  To the extent a separate response to subparagraphs (a)-(e) are required, Holm responds as follows:

a.    Holm denies the allegations contained in paragraph 40(a) of Plaintiff's Complaint.

b.    Holm denies the allegations contained in paragraph 40(b) of Plaintiff's Complaint.

c.    Holm denies the allegations contained in paragraph 40(c) of Plaintiff's Complaint.

6

d.      Holm denies the allegations contained in paragraph 40(d) of Plaintiff's Complaint.

e.      Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 40(e) of Plaintiff's Complaint and therefore denies the same.

## VI.      SECOND CAUSE OF ACTION – CONVERSION

The Court dismissed Plaintiff's Second Cause of Action in its Memorandum and Order that was filed on March 31, 2026, and accordingly no response to paragraphs 41-45 is required. To the extent a response is required, Holm denies the allegations contained in paragraphs 41-45 of Plaintiff's Complaint.

## VII.      THIRD CAUSE OF ACTION – FALSE ARREST

The Court dismissed Plaintiff's Third Cause of Action in its Memorandum and Order that was filed on March 31, 2026, and accordingly no response to paragraphs 46-64 is required.  To the extent a response is required, Holm denies the allegations contained in paragraphs 46-64 of Plaintiff's Complaint.

## VIII.   FOURTH CAUSE OF ACTION – ILLEGAL SEIZURE OF PROPERTY

Holm incorporates paragraphs 1 through 64 of his Answer to Plaintiff's Complaint as if fully set forth herein.

65.      Holm denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.      Holm denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.      Holm affirmatively states that Plaintiff contacted the Bellevue Police Department about the coins and he was informed the coins were being transferred to the United States Mint. Holm denies the remaining allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     Holm denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

69.     Holm is without sufficient information to truthfully admit or deny the allegations contained in paragraph 69 of Plaintiff's Complaint and therefore denies the same.

70.     Holm denies the allegations contained in paragraph 70 of Plaintiff's Complaint.

## IX.     FIFTH CAUSE OF ACTION – BIVENS

The Court dismissed Plaintiff's Fifth Cause of Action in its Memorandum and Order that was filed on March 31, 2026, and accordingly no response to paragraphs 71-95 is required.  To the extent a response is required, Holm denies the allegations contained in paragraphs 71-95 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Further answering Plaintiff's Complaint, Defendant asserts the following affirmative defenses and other defenses:

1.     Plaintiff's Complaint fails to state claims upon which relief can be granted.

2.     Holm was a sworn law enforcement officer of the City of Bellevue, Nebraska at all times relevant to Plaintiff's Complaint; he acted in good faith and without malice; and he performed his duties with reasonable belief that his actions were authorized and in accordance with existing law and authority.

3.     Holm is not liable under 42 U.S.C. § 1983 because his actions were constitutional.

4.     Holm affirmatively alleges that he is entitled to qualified immunity.

5.     Plaintiff did not suffer actual deprivation of any rights secured by the United States Constitution.

6.     Plaintiff cannot state a constitutional claim because there is no protected property interest in contraband or illegal items.

8

7.      There is no clearly established right for the return of Plaintiff's property.

8.      Plaintiff was afforded all the process that was constitutionally due.

9.      Holm affirmatively alleges that any damages incurred by Plaintiff as alleged were the result of his own intentional conduct and he is therefore barred from recovery.

10.     Holm affirmatively alleges that no punitive damages should be awarded as Holm, at all times relevant hereto, acted in good faith, did not clearly violate any laws or Plaintiff's rights, and did not demonstrate a callous indifference to the constitutional rights of Plaintiff

11.     Holm reserves the right to assert additional affirmative defenses as discovery warrants.

WHEREFORE, having fully answered, Defendant Michael Holm respectfully requests that the Court enter judgment in his favor and against Plaintiff Zehao Yu; that the Court award Holm his attorney fees and costs for defending this action; and for such other, further, and different relief as this Court deems just and equitable.

Dated this 22nd day of April, 2026.

MICHAEL HOLM, Defendant,

By:     */s/ Ryan M. Kunhart*
        Ryan M. Kunhart, #24692
        Laura L. Thompson, #28535
        Dvorak Law Group, LLC
        9500 W. Dodge Rd., Ste. 100
        Omaha, NE  68114
        402-934-4770
        402-933-9630 (facsimile)
        rkunhart@ddlawgroup.com
        lthompson@ddlawgroup.com

Attorneys for Defendant.

9

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 22nd day of April, 2026, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF, system. The undersigned further certifies that a copy of the foregoing document was served by email transmission upon the following party of record:

Zehao Yu
100 Carrer de Mallorca St.
Barcelona 08029 Spain
zehaoyu2003@outlook.com

*/s/ Ryan M. Kunhart*
Ryan M. Kunhart