IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZEHAO YU,<br><br>        Plaintiff,<br><br>  vs.<br><br><br>GREG WEINMAN, in his individual capacity; and MICHAEL HOLM, in his individual capacity;<br><br>        Defendants. | **8:25CV426**<br><br><br><br>**ORDER** |

Plaintiff has filed a motion for issuance of subpoena to the US Mint, "specifically addressed to the lawyers to represent the US Mint in The Portland Mint v. US Court of Claims 1:20-cv-00518-MBH, and to the attorney who represents the Plaints in that case for payment of $10,000,000 in coins that the Mint claimed are fake." (Filing No. 34). Based upon the allegations in the complaint, it appears that Plaintiff is requesting to subpoena and review discovery that was produced in another case to bolster or explain Plaintiff's own claims. Accordingly, Plaintiff's Motion to Issue a Subpoena is construed as a motion for expedited discovery.

Fed R. Civ. P. 26(d)(1) provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f). The rule is subject to limited exceptions, including a court order permitting discovery. Relevant standards for expedited discovery are set forth in several cases from the 8th circuit, including *Monsanto Co. v. Woods*, 250 FRD 411 (E.D.Mo. Mar. 26, 2008), *Wachovia Securities, LLC v. Stanton*, 571 F.Supp.2d 1014 (N.D.Iowa, Aug. 5, 2008); and *Road Safety Services Inc. et al, v. Gilbertson et al*, 2026 WL 836656 (D. Neb. Mar. 26, 2026). The requested discovery must

be proportional to the needs of the case and narrowly tailored. The court should weigh the prejudice to the responding party and consider the "entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Wachovia Securities*, 571 F.Supp.2d at 1050 (citing *Monsanto*, 250 F.R.D. at 413).

This case was filed in June 2025, and after initial review, Plaintiff was ordered to file an amended complaint that sufficiently stated a claim against the defendants. (Filing No. 11). The amended complaint was filed on November 19, 2025, and an initial review was again conducted. (Filing No 19). Plaintiff's claims against certain defendants, including the U.S. Mint were dismissed, and the remaining defendants are Greg Weinman, an attorney for the U.S. Mint, in his individual capacity, and Michael Holm of the Bellevue Police Department in his individual capacity. (Filing No. 19). Plaintiff asserts information produced in discovery in a case in the U.S. Court of Claims is relevant to Plaintiff's claims in this action, but has not provided any reason why discovery is necessary at this early stage of the case. Plaintiff has not shown that the documents referenced in the declaration, which Plaintiff notes are subject to a protective order, will become unavailable in the near future, even presuming that they are relevant and are otherwise discoverable. Further, while the remaining defendants have appeared and have notice of the pending motion, the Defendants have not yet filed answers or other responses to Plaintiff's complaint. Weinman's deadline to respond to the complaint was recently extended to July 16, 2026. (Filing No. 32, text order). Early discovery is the exception, not the rule, and upon review, the court does not find good cause for early or expedited discovery to have been set forth in the motion or the supporting declaration. (Filing No. 34; Filing No. 35).

Accordingly, Plaintiff's Motion to Issue a Subpoena is denied without prejudice. (Filing No. 34).

Dated this 2nd day of July, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge